IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLEAN ENERGY MANAGEMENT SOLUTIONS, LLC, <br><br>   Plaintiff, <br><br> v. <br><br> SMARTLABS, INC., <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:16-cv-1212 <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

For its Complaint, Plaintiff Clean Energy Management Solutions, LLC ("Clean Energy"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1. Clean Energy is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2. Defendant SmartLabs, Inc. is a California company with, upon information and belief, a place of business located at 16542 Millikan Ave, Irvine, California 92616.

3. Upon information and belief, SmartLabs, Inc. does business as Insteon.

4. Upon information and belief, SmartLabs, Inc. does business as Smarthome.

### JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

8. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

### THE PATENT-IN-SUIT

9. On October 11, 2011, U.S. Patent No. 8,035,479 (the "'479 patent"), entitled "Mesh Network Door Lock" was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '479 patent is attached hereto as Exhibit A.

10. The claims of the '479 patent provide an inventive concept and do not claim an abstract idea and.  The inventive concept of the '479 patent greatly enhances home or business automation and security.  The use of a code from a mesh network key and a mesh network to prove access to a secured area upon authenticating the code is an improvement over the prior art in that it provides the effectiveness of the conventional mechanical door latch locks that had not previously been duplicated by the complicated, high power consuming or ineffective prior art electronic lock structures.

11. The claims of the '479 patent, moreover, do not merely recite the performance of a longstanding business practice on a computer; rather the claims describe a solution necessarily rooted in electromechanical technology to solve a problem specifically arising in the realm of automated security.  The patent specification, for example, explains how prior art electronic lock structures were not "pick-proof" low power lock configurations that were compatible with the internal locking mechanisms of universally used conventional key-operated door latch locks.  The '479 patent overcame this difficulty, among others, by using an algorithm and an electromechanical device to lock or unlock a secured area based on sending a code from a mesh

network key and wirelessly communicating the code over a mesh network, receiving the code at a mesh network lock controller and providing access to a secured area upon authenticating the code.

12. Clean Energy is the assignee and owner of the right, title and interest in and to the '479 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,035,479

13. Clean Energy repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 15 of the '479 patent by making, using, importing, offering for sale, and/or selling, systems and methods that provide access to a secured area through use of a mesh network, including, but not limited to Insteon home automation system ("Insteon Home").

15. Upon information and belief, Defendant used the accused Insteon Home via its internal use and testing in the United States, directly infringing one or more claims of the '479 patent.

16. More specifically, Insteon Home is a home control system that integrates door locks using mesh network connectivity. *See* http://www.insteon.com/lock-controller ("Lock Controller") (last accessed Oct. 28, 2016). Insteon Home sends a code to unlock a door and provide access to a secured area using a mesh network. *See id.*; http://www.insteon.com/wall-keypads ("Wall Keypads") (last accessed Oct. 28, 2016); http://www.insteon.com/our-tech-dual-mesh/ ("Dual-Mesh") (last accessed Oct. 28, 2016). Insteon Home includes Insteon Hub that is a full function device that communicates with the end node, through multiple router nodes, using

an integrated coordinator node.  *See* http://www.insteon.com/insteon-hub (last accessed Oct. 28, 2016); Insteon Hub Owner's Manual ("Hub Manual") at pp. 29-30 (available at http://cache.insteon.com/documentation/2245-222-en.pdf (last accessed Oct. 28, 2016); Lock Controller; Wall Keypads; Dual-Mesh.  Insteon's dual mesh network forwards data from node to node to a destination so that data (unlock or lock command) reaches the destination even if a node fails or is not within range.  *See* http://www.insteon.com/technology/# (last accessed Oct. 28, 2016).  Insteon Home uses the coordinator node integrated in the full-function device to establish the network and define the main parameters for the mesh network.  *See* Hub Manual at pp. 29-30.  The end node (e.g., smartphone or keypad) is a reduced function device which is capable of communicating with the mesh network and does not participate in the routing of the command to lock or unlock the door.  *See* Lock Controller; Wall Keypads.  The code for locking and unlocking is received at the lock controller and enables the locking or unlocking of the door.  *See* Lock Controller.  Insteon Home will unlock the door upon authentication of the code.  *See* Lock Controller; *see also* http://www.insteon.com/lock-controller#compatible (last accessed Oct. 28, 2016); http://www.smarthome.com/milocks-qf-01sn-3-in-1-keyless-entry-deadbolt-with-rf-remote-control-satin-nickel.html (last accessed Oct. 28, 2016).

17. Upon information and belief, Defendant has certified installers located in Texas to install Insteon Home.  Such installers are located in Houston, Corpos Christi, Amarill, Huston, Austin and San Antonio.

18. Upon information and belief, Defendant's Insteon Home components are sold at stores located in Texas, including, but not limited to stores located in Austin, Houston and Dallas.

19. Clean Energy is entitled to recover from Defendant the damages sustained by Clean Energy as a result of Defendant's infringement of the '479 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Clean Energy hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Clean Energy requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '479 patent;

B. An award of damages to be paid by Defendant adequate to compensate Clean Energy for Defendant's past infringement of the '479 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Clean Energy's reasonable attorneys' fees;

D. An award of enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '479 patent subsequent to the date of its notice of the '479 patent; and

E. An award to Clean Energy of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated:  October 28, 2016 | */s/ Richard C. Weinblatt*<br>Stamatios Stamoulis DE SB #4606<br>Richard C. Weinblatt DE SB #5080 – Lead Counsel<br>Stamoulis & Weinblatt LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>Telephone:  (302) 999-1540<br>Facsimile:  (302) 762-1688<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br><br>*Attorneys for Plaintiff*<br>*Clean Energy Management Solutions, LLC* |